UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-01813-AH-(PVCx) | Date | April 23, 2026 |
| Title | Claudia Alvarado v. Charter Communications, LLC et al. | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DKT. NOS. 13, 12)

Before the Court are (1) a Motion to Remand filed by Plaintiff Claudia Alvarado ("Plaintiff"), Mot., Dkt. No. 13, and (2) a Motion to Dismiss ("MTD") filed by Defendants Charter Communications, LLC, Charter Communications Operating, LLC, Charter Communications Holding Company, LLC, and Charter Communications Holdings, LLC (collectively, "Defendants"), MTD, Dkt. No. 12. Defendants filed an opposition to the Motion to Remand ("Opp'n"), Opp'n, Dkt. No. 14, and Plaintiff filed an opposition to the Motion to Dismiss ("MTD Opp'n"), MTD Opp'n, Dkt. No. 15. Plaintiff filed a reply in support of the Motion to Remand ("Reply"), Reply, Dkt. No. 17, and Defendants filed a reply in support of the Motion to Dismiss ("MTD Reply"), MTD Reply, Dkt. No. 16. The Court heard oral argument on April 22, 2026. The Court has considered the parties' papers and the relevant law. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

## I.    BACKGROUND

On October 30, 2025, Plaintiff filed a putative class action Complaint against Defendants in the Los Angeles Superior Court.  *See* Compl., Dkt. No. 1-1. The Complaint seeks, *inter alia*, damages and restitution on behalf of Plaintiff and others similarly situated for a violation of California's Unfair Competition Law ("UCL") and the following violations of the California Labor Code:

1. Failure to pay overtime wages;
2. Failure to pay minimum wages;
3. Failure to provide meal periods;
4. Failure to provide rest periods;
5. Waiting time penalties;
6. Wage statement violations;
7. Failure to timely pay wages;
8. Failure to indemnify; and
9. Violation of Labor Code § 227.3.

*See generally id.*  Defendant removed the case to federal court on February 19, 2026, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  Notice of Removal ("NOR"), Dkt. No. 1.  On March 11, 2026, the instant Motions were filed.  Dkt. Nos. 12-13.

## II.    LEGAL STANDARD

### A.    Motion to Remand

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).  "[A] defendant's notice of removal need only include a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197. "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). There is no anti-removal presumption in CAFA cases. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992-93 (9th Cir. 2022). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B.      Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citing *Huynh v. Chase*

*Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Id.* (citing *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Leave to amend a dismissed complaint should be granted unless it is clear the complaint cannot be saved by any amendment.  Fed. R. Civ P. 15(a); *see Manzarek*, 519 F.3d at 1031.  A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Otherwise, leave to amend shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).

## III.   DISCUSSION

### A.   Motion to Remand

Plaintiff argues that the case should be remanded because Defendants' NOR fails to establish jurisdiction under CAFA, or alternatively, that the case should be remanded because the Court lacks federal equitable jurisdiction over Plaintiff's UCL claim.  The Court concludes that Defendants have met their burden of demonstrating jurisdiction under CAFA, and that any lack of jurisdiction over the UCL claim would not be grounds for remanding the case where the Court has jurisdiction over the Labor Code claims.

### 1.   <u>CAFA</u>

Plaintiff does not dispute that the class members number at least 100 and at least one plaintiff is diverse in citizenship from any defendant.  The parties disagree only as to whether Defendants have established CAFA's $5 million amount-in-controversy requirement.

In calculating the amount in controversy, the defendant "is permitted to rely on 'a chain of reasoning that includes assumptions.'"  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1199).  "While those assumptions cannot be pulled from thin air, they can be founded on the allegations of the complaint and do not necessarily need to be supported by evidence."  *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (internal quotations and citations omitted).  "The district court's task is simply to determine

if the defendant's 'reasoning and underlying assumptions are reasonable.'" *Id.* (quoting *Jauregui*, 28 F.4th at 993). "[I]t makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really, the alleged violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist." *Id.* "For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint." *Id.*

Defendants claim that the amount in controversy is $16,154,787.50. NOR ¶ 21. Defendants support this figure with declarations from counsel analyzing business records. *See* Dkt. No. 1-3, Carr Decl.; Dkt. No. 14-1, Suppl. Carr Decl.

#### i.	*Admissibility of Declarations*

Plaintiff argues that Defendants' counsel's declarations contain inadmissible hearsay, lack proper foundation, and introduce facts, calculations, and deductions made by declarants without personal knowledge to testify or opine on such facts, calculation, or deductions, and that such declarations otherwise fail to provide adequate support for Defendants' calculations. Reply at 1, 4.

In evaluating the existence of diversity jurisdiction on a motion to remand, courts "consider . . . summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) ("[T]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")). The declarations submitted by counsel demonstrate his personal knowledge and set out facts that would be admissible in evidence based on his review of Defendants' business records. *See* Carr Decl. ¶¶ 1, 5-6; Suppl. Carr Decl. ¶¶ 1-2.

Accordingly, the Court considers the evidence presented by Defendants in assessing whether Defendants have met their burden of establishing the amount-in-controversy requirement.

### ii.      Sufficiency of Calculations

Plaintiff argues that Defendants' calculations are arbitrary and rely on speculative and unsupported assumptions, including that every putative class member was subject to each of the alleged Labor Code violations on a regular basis for the entire duration of the class period, despite the Complaint alleging neither a 100% violation rate nor a "pattern and practice" of violations.  Mot. at 9-11.  Plaintiff challenges Defendants' assumptions regarding both the frequency of violations and the percentage of class members who experienced violations.  *Id.* at 9.  At various points, the Complaint alleges a version of the phrase, "Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them," with what was required by the Labor Code.  *See, e.g.*, Compl. ¶ 23.

Courts should consider "whether the violation rate that [a defendant] assumed was a reasonable interpretation of the complaint."  *Perez*, 131 F.4th at 809.  The plaintiff in *Perez* alleged violations "at times," from which the defendant there assumed weekly violations.  *Id.* at 807.  On remand from the Ninth Circuit, the district court found a weekly violation assumption to be reasonable based on the vague "at times" language.  *Perez v. Rose Hills Co.*, 2025 WL 2631603, at *4 (C.D. Cal. Aug. 29, 2025) ("While it would be unreasonable to assume that what is alleged to have occurred 'at times' occurred at a 100% or once-per-shift rate, Rose Hills does not do so.").  *See also, e.g.*, *Velasco v. Hyatt Corp.*, 2026 WL 887401, at *5 (S.D. Cal. Apr. 1, 2026) (finding a 23.5% violation rate reasonable where complaint alleged the same "at times" language); *Thornhill v. McLane Foodservice, Inc.*, 2026 WL 125197, at *5 (N.D. Cal. Jan. 16, 2026) (finding a 20% violation rate reasonable where complaint alleged the same "at times" language).

Similarly, here, Defendants ground their assumptions about the frequency of overtime, meal period, and rest period violations on the Complaint's use of the phrase "at times."  *See* Opp'n at 9.  Defendants did not assume a violation occurred at every shift, but rather once per month, amounting to a 5% violation rate.  *See id.* at 1.  Based on that rate, as to the unpaid overtime claims, Defendants estimate that the amount in controversy is $3,403,470.00, and as to the meal and rest break claims, Defendants estimate that the amount in controversy is $4,537,960.00.  NOR ¶ 20(a)-(c).  Plaintiff argues that Defendants fail to include facts relating to the frequency of vacation days, sick days, or other forms of leave taken by class members, and the frequency at which class members worked shifts longer than five hours, Reply at 1, but Defendants rounded down on each employee's months

---

worked and then multiplied that number of months by 75% to account for such absences, and further applied the lowest overtime wage then in effect to all class members, Opp'n at 4-6.  Moreover, with respect to the overtime, meal, and rest break claims, Defendants explain that their calculations reflect only full-time employees.  *Id.* at 11.  "It may be true that the phrase "at times" could support a lower violation rate as easily as it could support the violation rate that [Defendants] assumed," "[b]ut that does not automatically render the rate assumed by [Defendants] unreasonable."  *Perez*, 131 F.4th at 810.  "[I]f [Plaintiff] believed that some other assumption would have been *more* reasonable, she was free to propose that rate."  *Id.*  Plaintiff has failed to do so here.

As to the percentage of class members who experienced violations, just as the plaintiff in *Perez* was "free to use some more specific phrase than 'at times' when drafting the complaint" which might have "constrained the range of assumptions that [the defendant] could reasonably adopt," *Perez*, 131 F.4th at 810, so too could Plaintiff here have alleged *only* that "some of" the class members experienced violations, rather than appearing to allege class-wide violations, *or alternatively*, violations as to "some of" of the class.  "'[O]r' expresses a disjunction:  either the entire group suffered violations, or only a subset did.  Rather than narrowing the range of reasonable interpretations, 'or' preserves the possibility that the violations were suffered by all class members."  *Perez*, 2025 WL 2631603, at *4.  Nonetheless, Defendants also presented an alternative amount in controversy calculation to account only for putative class members who worked for Defendants for more than two years during the relevant class period, which reduced the number of putative class members for the overtime, meal period, and rest period claims from 6,614 to 4,663.  *See* Carr Decl. ¶¶ 7, 19; Suppl. Carr Decl. ¶ 4.  This alternative total amount in controversy was still $13,665,591.25.

Accordingly, the Court finds that Defendants have met their burden of showing that the amount in controversy exceeds $5 million.[1]  The Court therefore DENIES Plaintiff's Motion.

---

[1] The Court does not reach the parties' arguments regarding waiting time penalties and attorneys' fees, as the amount exceeds the jurisdictional threshold even without these amounts.  *See Arias*, 936 F.3d at 928 n.5 (recognizing that there is "no need to calculate attorneys' fees" where the "damages in controversy [alone] exceed the jurisdictional threshold").  The Court further notes that Defendants did not include in their calculations other causes of action, and also submit alternative amounts in controversy reflecting overtime, meal, and rest break violations every other

## 2.    Equitable Jurisdiction

Plaintiff alternatively argues that she has not pleaded that no adequate remedy at law exists for her restitution claim and the Court therefore lacks equitable jurisdiction over the UCL claim and should remand it.  Mot. at 19.

"[A] district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it."  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001).  Here, the Court has subject matter jurisdiction over the Labor Code claims under CAFA, and therefore declines to remand the case.  *See, e.g.*, *Carroll v. Ameri-Force Craft Servs., Inc.*, 2025 WL 2621704, at *8 (S.D. Cal. Sept. 11, 2025).

### B.    Motion to Dismiss

Defendants argue that Plaintiff's Labor Code claims are time-barred by a three-year statute of limitations because Plaintiff was last employed in November 2021, *see* Compl. ¶ 2, and she did not file her complaint until October 30, 2025.  Plaintiff responds that the applicable statute of limitations is four years because of Plaintiff's assertion of a cause of action under the UCL.  MTD Opp'n at 6.

Plaintiff's first through fifth, seventh, and eighth Labor Code claims are subject to a three-year statute of limitations.[2]  *See* Cal. Code Civ. Proc. § 338(a); *see also, e.g.*, *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1102-1114 (2007) (holding that a three-year statute of limitations applies to meal and rest period claims); *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (1988) (holding that a three-year statute of limitations applies to overtime claims); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010) (holding that a three-year statute of limitations applies to waiting time penalties).  "[A] plaintiff's claims for wage and hour violations generally accrue during the course of plaintiff's employment—either on the date of the meal or rest break violation or the date the wages become due." *Ruiz v. Southwest Answering Service, Inc*., 2024 WL 2107729 at *3 (C.D. Cal. Mar. 29, 2024) (citations omitted).  The UCL prohibits "any unlawful, unfair or

---

month—a 2.5% violation rate—which still produced a total amount in controversy of $11,132,165.00.  Suppl. Carr Decl. ¶ 6.

[2] Plaintiff also alleges a claim for inaccurate wage statement penalties, which is subject to a one-year statute of limitations.  *See* Cal. Civ. Proc. Code 340; *see also Falk v. Children's Hospital Los Angeles,* 237 Cal. App. 4th 1454, 1462 n.12 (2015).

fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL "borrows" rules from other laws and "makes violation of those rules independently actionable." *Zhang v. Sup. Ct.*, 57 Cal. 4th 364, 370 (2013) (citation omitted). "[A]n action to recover wages that might be barred if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action seeking restitution pursuant to section 17203 if the failure to pay constitutes a business practice." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 179 (2000). However, "[c]ontrary to Plaintiff[']s] argument, the UCL does not extend the statute of limitations for claims brought under the Labor Code to four years. Rather, the UCL provides an independent basis to pursue those claims, and it is that independent basis that is subject to the four-year statute of limitations." *Mejia v. Illinois Tool Works Inc.*, 2019 WL 8135433, at *11 (C.D. Cal. Dec. 12, 2019). The cases cited by Plaintiff address the statute of limitations for UCL claims as independent claims. *See, e.g.*, *Bao Yi Yang v. Shanghai Gourmet, LLC*, 471 F. App'x 784, 788 (9th Cir. 2012) ("Fu was not barred from bringing *UCL claims based on* his wages from August 2003." (emphasis added)). Here, accepting the allegations in the complaint as true, Plaintiff's complaint was filed more than three years after Plaintiff's last day of employment. Accordingly, Plaintiff's first through eighth causes of action are time-barred.

However, the parties do not sufficiently address Plaintiff's claim for violation of Section 227.3—unused vacation time pay. A "cause of action seeking payment for unused vested vacation [does] not accrue" until the termination of the employment relationship. *Church v. Jamison*, 143 Cal. App. 4th 1568, 1576-77 (2006). As *Church* explains: "[t]here are three statutes of limitations that might apply to a claim by a former employee seeking payment for unused vested vacation because the claim could be characterized as one based on (1) an oral employment contract, (2) a written employment contract, or (3) a liability created by statute. A two-year limitations period applies to oral contract claims. A four-year limitations period applies to claims based on written contracts. A three-year limitations period applies to an 'action upon a liability created by statute.'" *Id.* at 1577 (internal citations omitted); *see also Sequeira v. Rincon-Vitova Insectaries, Inc.*, 32 Cal. App. 4th 632, 634, 636 (1995) (holding that a four-year statute of limitations applies to Section 227.3 claims that are based on written contracts). Here, Plaintiff's ninth cause of action does not specify whether the obligation arises from an oral or written employment contract. Accordingly, the running of the statute of limitations is not apparent on the face of the complaint.

As to Plaintiff's first through eighth causes of action, Plaintiff does not allege that these claims can be properly amended, and therefore the Court finds that granting Plaintiff leave to amend would be futile and DISMISSES these claims without leave to amend.  As to Plaintiff's ninth cause action, the Court DENIES Defendants' Motion to Dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**